PURDY, H. MARK, Associate Judge.
The lower court entered a final judgment of dissolution of marriage, after which the wife appealed and the husband cross-appealed. The wife cites the failure of the lower court to award permanent alimony and the full interest in the marital home. The husband attacks provisions of the final judgment which awarded the wife special equities in the husband’s interests in a joint venture, as well as the husband’s stocks, pension rights, and life insurance policies.
The parties were married for twenty-three years, in which time three children were born, two of whom were minors at the time of the dissolution. The wife’s ability to provide for herself is limited by virtue of a lack of vocational or technical training, and is compounded by the fact that she had an on-the-job injury at her last place of employment in early 1979. The wife has a real estate license, but claims to be unable to pursue this on a full-time basis. Other attempts to gain employment have not been successful.
Considering these factors, as well as the other criteria set forth in McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977), the wife has a rather persuasive argument that she is entitled to permanent alimony. However, with regard to this issue, the court ruled as follows:
*779 The Court reserves jurisdiction to determine whether permanent periodic alimony is to be awarded. At this time, the Court hereby orders the Husband to pay to the Wife as and for rehabilitative alimony in the sum of $150.00 per week for a period of three years from the entry of this judgment, unless and until this provision is superseded by further Order.
Now the wife appeals asserting error on the part of the lower court for failure to make an immediate award of permanent alimony. While the procedure used by the lower court is not common, it is not without precedent and in fact has been previously approved by this Court as being within the trial court’s discretion. See Kaylor v. Kaylor, 390 So.2d 752 (Fla. 4th DCA 1980), which we find to be controlling here.
The other points on appeal have been carefully considered, and we find them all to fall within the discretion of the trial court, and affirm pursuant to Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
AFFIRMED.
HURLEY and DELL, JJ., concur.